## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
CAUSE OF ACTION INSTITUTE                            )
1875 Eye Street, N.W., Suite 800                        )
Washington, D.C. 20006,                                    )
                                                                         )
       Plaintiff,                                                )
                                                                         )
  v.                                                                   )      Civil Action No. 1:17-cv-1423
                                                                         )
UNITED STATES DEPARTMENT OF JUSTICE   )
950 Pennsylvania Avenue, N.W.                           )
Washington, D.C. 20530,                                    )
                                                                         )
       Defendant.                                              )
_____)

## COMPLAINT

1.     Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records maintained by Defendant United States Department of Justice ("DOJ").

2.     The records at issue in this case include communications between DOJ components—*viz.*, the Office of Information Policy ("OIP") and the Office of Legislative Affairs ("OLA")—and other federal government entities, including Congress, the White House, and twelve other federal agencies.  These communications pertain to the proper treatment of records exchanged between Executive Branch agencies and Congress for purposes of the FOIA.

3.     CoA Institute submitted its request in the wake of reports that Representative Jeb Hensarling, Chairman of the United States House of Representatives Committee on Financial Services, had sent a letter to agencies under the Committee's jurisdiction directing them to treat all records exchanged with the Committee as "congressional records" not subject to the FOIA. *See, e.g.*, Mary Ann Georgantopoulos, *These Federal Agencies Agreed To Conceal Some Of Their*

*Communications From The Public*, BuzzFeed News, May 8, 2017, http://bzfd.it/2rihpcY; Mary Ann Georgantopoulos & Daniel Wagner, *A House Committee Doesn't Want You To See Its Correspondence With Government Officials*, BuzzFeed News, May 4, 2017, http://bzfd.it/2ruLXFO.

4.      The troubling implications of Chairman Hensarling's directive for agency compliance with the FOIA are self-evident.  *See* Ryan Mulvey, *The next front in the FOIA War: Congress blocking disclosure of its dealings with the Executive Branch*, The Hill, May 8, 2017, http://bit.ly/2tIyBsF.  The requested records at issue will shed light on the DOJ's awareness of, or potential involvement in, developing Chairman Hensarling's directive, as well as the DOJ's coordination of responses to that directive by the relevant federal agencies.

5.      By failing to provide a determination on CoA Institute's request or to produce non-exempt portions of responsive records in a timely manner, the DOJ has withheld records to which CoA Institute has a right and that serve the public interest in transparent, accountable government.

## JURISDICTION AND VENUE

6.      Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7.      Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair.  In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability.  It regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the DOJ, and disseminates its findings, analysis, and commentary to the general public.

9.      The DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  DOJ components have possession, custody, or control of records to which CoA Institute seeks access and which are the subject of this Complaint.

## FACTS

10.      By letter, dated May 18, 2017, CoA Institute submitted a FOIA request to the DOJ seeking access to records from OIP and OLA relating to Representative Hensarling's directive to treat all records exchanged with the Committee on Financial Services as "congressional records" for purposes of the FOIA.  *See* Ex. 1 at 1–2.

11.      CoA Institute identified the time period for the first item of its request as "March 10, 2017 to the present" and the time period for the second item of its request as "January 20, 2017 to the present."  *Id.* at 2.

12.      For purposes of its request, CoA Institute indicated that "the term 'present' should be construed as the date on which the agency begins its search for responsive records."  *Id.* at 1 n.5 (citing *Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002)).  CoA Institute further indicated that "[t]he term 'record' means the entirety of the record any portion of which contains responsive information."  *Id.* (citing *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677–78 (D.C. Cir. 2016)).

13.      For fee purposes, CoA Institute requested a public interest fee waiver and classification as a representative of the news media.  *Id.* at 3–4.

14.      By letter, dated June 22, 2017, the DOJ acknowledged that it had received CoA Institute's FOIA request on May 24, 2017 and assigned the request two tracking numbers: DOJ-2017-004333 (OIP) and DOJ-2017-004398 (OLA).  Ex. 2 at 1.

15.     The DOJ also cited "unusual circumstances" and accordingly "extend[ed] the time limit to respond to [CoA Institute's] request beyond the ten additional days provided by the statute." *Id.* The DOJ assigned CoA Institute's request to the agency's "complex track" for FOIA processing. *Id.*

16.     The DOJ did not issue determinations on CoA Institute's requests for a public interest fee waiver and categorization as a representative of the news media, but instead indicated that the DOJ "will do so after [it] determine[s] whether fees will be assessed[.]" *Id.* at 2.

17.     To date, the DOJ has failed to provide any update on its processing of CoA Institute's FOIA request. The agency has yet to issue an interim response, final determination, or production of any responsive records.

## COUNT I
## Violation of the FOIA: Failure to Comply with Statutory Requirements

18.     CoA Institute repeats all of the above paragraphs.

19.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

20.     The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)–(B). If an agency requires additional time, the FOIA mandates that the agency provide the requester "an opportunity to arrange with the agency an alternative time frame for processing the request[.]" *Id.* § 552(a)(6)(B)(ii).

21.     CoA Institute's May 18, 2017 FOIA request seeks access to agency records maintained by the DOJ, reasonably describes the records sought, and otherwise complies with the FOIA and applicable DOJ regulations.

22.     More than thirty (30) business days have passed since the DOJ received CoA Institute's FOIA request on May 24, 2017.

23.     The DOJ has failed to issue a final determination on or produce records responsive to CoA Institute's FOIA request within the applicable FOIA time limits.

24.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## **RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.      Order the DOJ to process CoA Institute's May 18, 2017 FOIA request and to issue a determination on that request within twenty (20) business days of the date of the Order;

b.      Order the DOJ to produce all responsive records promptly upon issuing its final determination on the May 18, 2017 FOIA request;

c.      Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.      Grant such other relief as the Court may deem just and proper.


//


//


//

Dated:  July 18, 2017

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Lee A. Steven
D.C. Bar No. 468543

CAUSE OF ACTION INSTITUTE
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
ryan.mulvey@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff CoA Institute*